**Juan C. Chavez**, OSB #136428
Email: jchavez@ojrc.info
**Franz Bruggemeier**, OSB #163533
Email: fbruggemeier@ojrc.info
Oregon Justice Resource Center
PO Box 5248
Portland, OR 97208
Telephone: 503 944-2270
Facsimile: 971-275-1839

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
EUGENE DIVISION

| | |
|---|---|
| KABRINA BACKER,<br><br>Plaintiffs,<br>v.<br><br>CITY OF ALBANY, and OFFICER PERRY BAKER,<br><br>Defendants. | Case No. 6:20-cv-1056<br><br>COMPLAINT<br>Violation of Civil Rights (42 U.S.C. §1983) for excessive force in violation of the Fourth Amendment.<br>State Tort Claim (Battery)<br><br>DEMAND FOR JURY TRIAL |

**INTRODUCTION**

This is a Civil Rights and State Tort action stemming from Defendants' unconstitutional, unnecessary, and intentional violence against Ms. Backer that caused her serious physical injury and pain. Defendants wantonly injured Ms. Backer during a traffic stop by swinging her body and slamming her face against the stirrup of her vehicle. That action caused Ms. Backer severe emotional and physical injury, and she now sues the Defendants for this violation of her civil rights and battery.

Page 1
COMPLAINT

## JURISDICTION

1. This court has jurisdiction over the subject matter of this Complaint under 42 U.S.C. § 1983, and 28 U.S.C. §§ 1331, 1343(a)(3), (4), and supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a).

## VENUE

2. Venue is proper within the District of Oregon because all of the events giving rise to this claim occurred in this judicial district and all defendants reside in this judicial district. 28 U.S.C. § 1391(b).  The acts and practices alleged herein occurred in Linn County, Oregon.

## PARTIES

3. At the time of filing, Plaintiff Kabrina Backer is resident of Linn County, Oregon.

4. Defendant Officer Perry C. Baker is an officer with the Albany Police Department (hereinafter, "APD") during all relevant times.  At all times relevant, Officer Baker was acting under color of state law.

5. Defendant City of Albany is a political subdivision of the State of Oregon, with the capacity to sue and be sued.  Officer Baker is an agent of Defendant City of Albany.

## FACTUAL ALLEGATIONS

6. On July 1, 2018, Ms. Backer was on the phone standing next to her vehicle outside of Tom Tom Deli in Albany, Oregon.

7. Officer Baker arrived at the scene and attempted to stop Ms. Backer on suspicion of driving while intoxicated, potentially a Class A Misdemeanor.

8. This incident was [video recorded](#) by Officer Baker's dash camera.[1]

---

[1] The video was uploaded to YouTube and is available through the hyperlink.

Page 2
COMPLAINT

9. Officer Baker confronts Ms. Backer at around 1:48 in the dash camera video. Ms. Backer was still on the phone. Her vehicle door was open at that time.

10. The Officer appears immediately agitated and displeased that Ms. Backer is still on the phone. Ms. Backer was not making any threatening gestures nor giving any indication that she intends to flee the scene. To the contrary, Ms. Backer appears to be concluding her phone call, and attempts to close her car door so she could talk to the officer at around 2:22. Closing her car door would make it safer for the officer and Ms. Backer, as she would not be in range of any weapons within her vehicle, if she had any, or able to get in her vehicle to flee.

11. Officer Baker then restricts Ms. Backer from closing her car door and, instead, suddenly grabs Ms. Backer's wrist, twists it behind her back, then swings Ms. Backer into her own vehicle.

12. Her face slams into her vehicle's stirrup at around 2:27 in the video.

13. This event was extremely painful for Ms. Backer, both emotionally and physically. It resulted in a left frontal scalp hematoma, an injured ankle, and ongoing post-concussion issues.

///

///

///

///

///

///

///

///

///

14. Ms. Backer took the following picture of her injury:



15. Following this incident, Officer Baker was never disciplined or subject to any supervision, training, or review related to this incident.

## CLAIMS FOR RELIEF

16. Defendant Baker is a person within the meaning of 42 U.S.C. 1983.

17. Plaintiff seeks an award of economic damages, non-economic damages, punitive damages where appropriate, attorney fees and litigation expenses/costs against defendants.

///

///

///

## CLAIM 1: VIOLATION OF FOURTH AMENDEMENT
### (Use of Excessive Force – 42 U.S.C. 1983 – Individual Liability)

18.     It is clearly established law that an officer may not use force that, in light of the circumstances and as perceivable by a reasonable, objective officer, is excessive and unnecessary.

19.     In taking the actions described above, including but not limited to twisting Ms. Backer's arm and slamming her face into the side of her vehicle, Defendant Baker intentionally violated Ms. Backer's right to be free from excessive force, guaranteed by the Fourth Amendment to the United States Constitution.

20.     Defendant Baker violated rights held by Ms. Backer which were clearly established, and no reasonable official similarly situated to Defendant Baker could have believed that his or her conduct was lawful or within the bounds of reasonable discretion.  Defendant Baker therefore does not have qualified or statutory immunity from suit or liability.

21.     The actions of Defendant Baker, as described in this complaint, were malicious, deliberate, intentional, and embarked upon with the knowledge of, or in conscious disregard of, the harm that would be inflicted upon Ms. Backer.  As a result of said intentional conduct, Ms. Backer is entitled to punitive damages against Defendant Baker, in his individual capacity, in an amount sufficient to punish him and to deter others from like conduct.

22.     The unreasonable seizure of Ms. Backer was the direct and proximate cause of bodily injury, pain, loss of liberty, mental and emotional suffering, worry, fear, and anguish.  Ms. Backer is entitled to all of her damages in an amount to be ascertained according to proof at trial.

///

///

///

## CLAIM 2: BATTERY
### (State Tort — Respondeat Superior)

23.     Through its agent, Officer Baker, Defendant City of Albany is liable for an action in State Tort.

24.     Officer Baker intended to cause harmful or offensive contact with Ms. Backer when he twisted Ms. Backer's arm and slammed her face into the side of her vehicle.

25.     Officer Baker's actions directly caused a harmful or offensive contact with Ms. Backer.

26.     As a direct cause of the Defendant City of Albany agent's action, Ms. Backer suffered bodily injury, pain, loss of liberty, mental and emotional suffering, worry, fear, and anguish.  Ms. Backer is entitled to all of her damages in an amount to be ascertained according to proof at trial.

## CLAIM 3: VIOLATION OF FOURTH AMENDMENT
### (Illegal Seizure; Failure to Train—42 U.S.C. § 1983—*Monell* Liability)

27.     Defendant Baker acted under color of state law and, as described in Claim 1, deprived Ms. Backer of her particular rights under the United States Constitution.

28.     Defendant Baker was following a practice or custom of Defendant City of Albany to cause the deprivation of Ms. Backer's right to not be illegally seized.  Furthering this practice, Defendant City has either failed to train its officers to not use excessive force against individuals or has ratified improper training on this point.  Additionally, Defendant City has not properly trained their employees on proper de-escalation techniques. These constitutional violations have not been properly investigated, nor has the violator been disciplined, reprimanded or punished for this incident.

29.     As a result of the above-described conduct, Defendants caused Ms. Backer to suffer bodily injury, pain, loss of liberty, mental and emotional suffering, worry, fear, and anguish.  Ms. Backer is entitled to all of her damages in an amount to be ascertained according to proof at trial.

## DEMAND FOR JURY TRIAL

30. For all claims alleged in this Complaint, Plaintiff demands a jury trial.

## REASONABLE ATTORNEY'S FEES AND COSTS

31. 42 U.S.C. § 1988(b) allows "the prevailing party… a reasonable attorney's fee as part of the costs…" in an action brought under 42 U.S.C. § 1983.

32. Plaintiff requests that the Court grant a reasonable attorney's fee in this action.

## CONCLUSION

WHEREFORE, plaintiff prays for relief as follows:

a. For judgment in favor of Ms. Backer against Defendants for their damages;

b. For reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and

c. For such other and further relief as may appear just and appropriate.

DATED: June 30, 2020

*/s/ Juan C. Chavez*
Juan C. Chavez, OSB #136428
PO Box 5248
Portland, OR 97208

*ATTORNEY TO BE NOTICED*

*/s/ Franz Bruggemeier*
Franz Bruggemeier, OSB #163533
PO Box 5248
Portland, OR 97208

*ATTORNEY TO BE NOTICED*